IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00093-GPG

TRAVIS HODSON,

    Applicant,

v.

BIRGIT FISHER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING MOTION TO ALTER AND AMEND

    The matter before the Court is the Motion to Alter or Amend the Judgment Fed. R. Civ. P. 59(e), ECF No. 8. Applicant currently is housed at the Colorado Mental Health Institute at Pueblo, Colorado. The Court must construe the Motion liberally because Applicant is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

    Because Applicant is challenging a nonfinal order, the Court will construe Applicant's request for reconsideration as filed pursuant to Fed. R. Civ. P. 60(b). See *Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) (holding that a motion for "reconsideration" that is directed to a nonfinal order as opposed to a judgment, should be construed as a Rule 60(b) motion). Rule 60(b) allows a court to grant relief from an order for the following reasons:

1

>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged . . . ; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950); *Griffin v. Swim-Tech. Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)). The decision to grant relief under Rule 60(b) is discretionary; and Applicant has the burden to show that exceptional circumstances exist that require the Court to amend or vacate an order. *Servants of Paraclete*, 204 F.3d at 1009 (emphasis added).

Nothing that Applicant asserts in the Motion demonstrates the relief he requests is merited. Applicant's Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action, ECF No. 2, and the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 1, are dated January 7, 2016, as Applicant asserts, but they are not signed by Applicant.

The Court, therefore, will deny the Motion to Alter and Amend because Applicant fails to demonstrate a reason for vacating the January 27, 2016 Order. Accordingly, it is

ORDERED that Applicant's Motion to Alter or Amend, ECF No. 8, filed on February 8, 2016, is denied.   It is

**FURTHER ORDERED that the Clerk of the Court is directed to send to Applicant Page No. 11 of ECF No. 1 and Page No. 2 of ECF No. 2**.   It is

FURTHER ORDERED that Applicant shall have thirty days from the date of this Order to cure the deficiencies noted in the January 27, 2016 Order.   If Applicant fails to cure within the time allowed the action will be dismissed without further notice.

DATED at Denver, Colorado, this  9th  day of  February , 2016.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge