IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00093-GPG

TRAVIS HODSON,

     Applicant,

v.

BIRGIT FISHER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

ORDER OF DISMISSAL

---

Applicant Travis Hodson currently is housed at the Colorado Mental Health

Institute at Pueblo in Pueblo, Colorado.   On January 11, 2016, Applicant initiated this

action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254.   Applicant has been granted leave to proceed pursuant to 29 U.S.C. § 1915.

In this action, Applicant states that he is "challenging the validity of conviction of

case 13CR1106 to case 10CR771," and   because he has "violated case 10CR771 by

committing a new offense in case 13CR1106 which is grounds for a parole revocation" if

he is "convicted in the future" the conviction in case no. 10CR771 "could be used as a

sentence enhancement,"   ECF No. 11 at 6.

Repetitious litigation of virtually identical causes of action **may** be dismissed as

frivolous or malicious.   *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per

curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).   The

Court may consult its own records to determine whether a pleading repeats pending or

1

previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972). The Court has reviewed the Court Docket and determined that Applicant has stated the identical allegations in at least two other cases in this Court. *Hodson v. Weld County Sheriff*, No. 15-cv-01213-LTB (D. Colo. Nov. 10, 2015) (dismissed because Applicant's claims were repetitious of the claims he asserted in Case No. 14-cv-02879-LTB), *pending on appeal*, No. 15-1441 (10th Cir. Filed Nov. 16, 2015) ; *Hodson v. Colorado Mental Health Institute at Pueblo, et al.*, No. 14-cv-02879-LTB (D. Colo. Feb. 6, 2015), *dismissed on appeal*, No. 15-1182 (10th Cir. October 9, 2015) (certificate of appealability denied because a finding that Applicant is not in custody for purposes of Case No. 10CR771 is not reasonably subject to debate).

Applicant is challenging in this case the validity of the same State of Colorado conviction, Case No. 10CR771, that he challenged in Case No. 14-cv-02879-LTB and in Case No. 15-cv-01213-LTB. *See id.* In both cases, the Court found that the Court lacked jurisdiction to consider Case No. 10CR771, because Applicant was discharged on October 17, 2013, prior to filing Case No. 14-cv-02879-LTB. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (A prisoner seeking habeas corpus relief must be in custody pursuant to the conviction and sentence under attack at the time the habeas corpus application is filed.)

Furthermore, as found in Case No. 14-cv-02879-LTB, Applicant, however, could satisfy the in custody requirement if the Application is construed to challenge the validity of a current conviction as it can or has been used to enhance a future conviction or sentence. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02. (2001). Applicant, however, has conceded, not only in this case, ECF No. 11 at 9, but in

2

another pending case, *Hodson v. Reams*, No. 15-cv-2341-GPG, ECF No. 1 (D. Colo. Filed Oct. 21, 2015), that Case No. 13CR1106 is pending and he has not been convicted.

This action, therefore, will be dismissed for the same reasons stated in Case No. 14-cv-02879-LTB and Case No. 15-cv-01213-LTB.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied for the same reasons stated in Case Nos. 14-cv-02879-LTB and 15-cv-01213-LTB, and the action is dismissed without prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 2254(a) and as repetitious and frivolous. It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied.

DATED March 21, 2016, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

3