IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   16-cv-00093-LTB

TRAVIS HODSON,

    Applicant,

v.

BIRGIT FISHER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

---

The matter before the Court is the "Motion to: Alter or Amend the Judgment 59(e)," ECF No. 16, that Applicant filed on April 4, 2016.   Applicant is currently is held at the Colorado Mental Health Institute at Pueblo, Colorado.   The Court must construe the Motion liberally because Applicant is a *pro se* litigant.   See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.   See Fed. R. Civ. P. 59(e).   The Court will consider the Motion to Alter or Amend pursuant to Rule 59(e) because it was filed

within twenty-eight days after this action was dismissed and judgment was entered on March 21, 2016. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion to alter or amend is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

For the same reasons stated in the March 21, 2016 Order of Dismissal, the Court will deny the Motion to Alter. Applicant fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. Accordingly, it is

ORDERED that Applicant's Motion to Alter or Amend a Judgment 59(e), ECF No. 16, filed on April 4, 2016, pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __6th__ day of __April__, 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court